IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID KANE LOPEZ,

      Plaintiff,                         No. CIV S-03-0616 FCD PAN P

    vs.

M. BUATISTA, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several motions filed by plaintiff matters are pending before the court.[1]

        On November 14, 2005, plaintiff filed a motion to compel responses to his first request for production of documents Defendants oppose the motion on the ground that it is moot.

---

[1] Although defendants have responded to one of the motions, it does not appear that plaintiff served any of the motions on defendants. Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5. See Local Rule 5-135(b). Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant. Fed. R. Civ. P. 5(b)(1). Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. See Fed. R. Civ. P. 5(b)(2)(B). Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c).

1    Plaintiff served the request at issue on defendants on or about September 20,
2 2005. In accordance with the scheduling order filed in this action on April 12, 2005, defendants'
3 response to the discovery request was due on or about November 4, 2005. Defendants timely
4 served their response on November 4, 2005. (Declaration of Cori R. Sarno, filed November 18,
5 2005, at ¶ 3.) Plaintiff's motion to compel was mailed to the court on or about November 8,
6 2005. (Certificate of Service appended to Motion to Compel, filed November 14, 2005.) It
7 appears from review of the motion that it was prepared prior to receipt of defendants' response.
8 The motion is moot and will therefore be denied.

9    On December 22, 2005, plaintiff filed motions for appointment of counsel and an
10 expert witness at government expense. The United States Supreme Court has ruled that district
11 courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard
12 v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the
13 court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell
14 v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
15 (9th Cir. 1990). In the present case, the court does not find the required exceptional
16 circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

17    The court has discretion, in an appropriate circumstance, to appoint an expert
18 witness for an indigent party. See McKinney v. Anderson, 924 F.2d 1500, 1510-11 (9th Cir.),
19 *vacated on other grounds by sub. nom.* Helling v. McKinney, 502 U.S.903 (1991). In this case,
20 the court does not find complex scientific or other issues that would warrant such appointment.
21 Accordingly, plaintiff's motion will be denied.

22    On December 27, 2005, plaintiff filed a motion for enlargement of time to
23 conduct discovery in this action. Plaintiff has not shown good cause for the request, nor has he
24 provided any information about what discovery he still needs in this action. Accordingly,
25 plaintiff's motion will be denied.
26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 14, 2005 motion to compel is denied;

2. Plaintiff's December 22, 2005 motion for appointment of counsel is denied;

3. Plaintiff's December 22, 2005 motion for appointment of an expert witness is denied; and

4. Plaintiff's December 27, 2005 motion for an enlargement of time to conduct discovery is denied.

DATED: February 27, 2006.

UNITED STATES MAGISTRATE JUDGE

12
lope0616.o

3