IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID KANE LOPEZ,

    Plaintiff,                       No. CIV S-03-0616 FCD PAN P

    vs.

M. BAUTISTA, et al.,

    Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner seeking relief pursuant to 42 U.S.C. § 1983. In an August 20, 2003, verified amended complaint, he alleges that defendants Bautista[1] and Powell twisted plaintiff's arms and wrists and pushed his head through a glass window, shattering the window and cutting plaintiff's head. He also alleges that defendant Prieto, as Yolo County Sheriff, also is subject to liability. On February 17, 2006, defendants Powell and Prieto moved for summary judgment. On March 17, 2006, defendants requested that the court construe plaintiff's failure to file an opposition or a notice of non-opposition and to deem the matter

---

[1] On January 6, 2006 the death of defendant Bautista was suggested on the record in this case. On February 18, 2005, the United States Marshal returned process directed to defendant Bautista as unserved with a letter from the Yolo County Sheriff and a death certificate showing that Mr. Bautista was deceased. On April 20, 2006 findings and recommendations issued recommending that this action be dismissed as to Mr. Bautista.

1

submitted.  See Local Rule 78-230(m).  On March 20, 2006, plaintiff filed an opposition to defendants' motion.  The court exercises its discretion to entertain plaintiff's late opposition.

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the

1  form of affidavits, and/or admissible discovery material, in support of its contention that the
2  dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party
3  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
4  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
5  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
6  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
7  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
8  1436 (9th Cir. 1987).

9   In the endeavor to establish the existence of a factual dispute, the opposing party
10 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
11 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
12 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
13 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
14 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
15 committee's note on 1963 amendments).

16   In resolving the summary judgment motion, the court examines the pleadings,
17 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
18 any. Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed. See Anderson,
19 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
20 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
21 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
22 produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
23 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
24 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
25 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
26 /////

as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On January 27, 2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

SUBSTANTIVE LAW

The Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention. Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175 (9th Cir. 2002). A court must consider the reasonableness of the force used, i.e., whether the officers' actions are "objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). The court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham, 490 U.S. at 396. This balancing requires the court to examine the following factors, insofar as applicable: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and, (3) whether he is actively resisting arrest or attempting to evade arrest. Id. at 396. Summary judgment in such a case should "sparingly" granted because ordinarily a jury must "sift through disputed factual contentions, and [] draw inferences therefrom . . . ." Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002). Nevertheless, for this action to survive defendants' motion, plaintiff must demonstrate "that a reasonable jury could have found that the officers' use of force was excessive." Lolli, 351 F.3d at 416.

A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so

deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989).

## UNDISPUTED FACTS

On October 3, 2002, plaintiff was a pretrial detainee in the custody of the Yolo County Sheriff's Department. Bautista and Powell escorted plaintiff, in leg, wrist and belly chains, from the courtroom to a holding cell. En route to the cell, the three paused in front of a locked door with a glass window. With Bautista and Powell flanking plaintiff on plaintiff's right and left, plaintiff's head went through the window, causing the window to shatter.

After plaintiff's head shattered this window, plaintiff did not receive immediate medical treatment. Defendants Bautista and Prieto concede they did not document plaintiff's injuries. About a week later, plaintiff received medical treatment.

## ANALYSIS

Defendant Powell contends there is no evidence he caused plaintiff's head to crash through the window. Powell asserts that plaintiff was disruptive in court and so the judge ordered him removed. (Dec. of Jason Powell at 2). Plaintiff was agitated but restrained with handcuffs, leg shackles and belly chains. (Dec. of Jason Powell at 2). Upon arriving at the locked door with the glass window, plaintiff complied with an order to stand to the right of the left door facing the window but then leaned his head against the window and suddenly thrust his head through the window suffering "only a small abrasion." (Dec. of Jason Powell at 2-3). By contrast, plaintiff's verified complaint alleges the judge ordered plaintiff removed from the courtroom, whereupon defendant Powell (with Bautista) escorted plaintiff to a holding cell while verbally and physically abusing plaintiff, culminating in their pushing plaintiff's head through the glass window. (Amen. Comp. at "Exhibit A" 1-2).

Plaintiff's version of events flatly contradicts Powell's on the question of how plaintiff's head shattered the window, giving rise to a genuine issue of material fact. Therefore, the court will recommend defendant Powell's motion on this ground be denied.

1  Defendant Powell asserts plaintiff cannot prevail because plaintiff's injuries were
2  "de minimus."[2]  (Defendant's Motion at 8).  The extent of plaintiff's injuries is not a factor to be
3  considered on the question of liability.  See Graham, 490 U.S. at 396.
4  The court will recommend defendant Powell's motion on this ground be denied.
5  Defendant Prieto asserts there is no evidence he caused any injury to plaintiff.
6  (Defendants' Motion at 5-6).  Plaintiff alleges, "Since I [sic] requested an investigation of
7  internal affairs, and results were unfounded, I believe all officers of this facility who condone, or
8  use excessive force, or do nothing to insure our safety when it is brought to there [sic] attention is
9  responsible as well as all individuals working under the color of authority whom violate the laws
10 of the United States Constitution; . . . ."  (Amended Complaint at "Exhibit A, p. 1).  Plaintiff
11 contends defendant Prieto maintained a policy encouraging mistreatment of detainees.  He
12 adduces evidence that Yolo County Sheriff's deputies used excessive force against other inmates
13 in 2003, after the events giving rise to this action, and that defendant Prieto knew.  (Attachments
14 to Plaintiff's Opposition).   In his opposition to summary judgment, which is not verified,
15 plaintiff asserts he wrote letters to Prieto claiming sheriff's deputies physically and mentally were
16 antagonizing and assaulting him.   (Plaintiff's Opposition at 4-5).
17 The record suggests that by 2003, defendant Prieto knew some deputies used
18 excessive force against detainees.  But plaintiff has not adduced evidence Prieto knew before
19 October 3, 2002, that plaintiff or any other inmate suffered any harassment or abuse at the hands
20 of any deputies, much less that there was a pattern or practice that he was obliged to disrupt.  The
21 court cannot find that a reasonable jury could return a verdict in plaintiff's favor.  Therefore, the
22 court will recommend defendant Prieto's motion for summary judgment be granted.

---

[2] Defendants also argue that plaintiff fails to state a claim upon which relief can be granted under the Eighth Amendment because plaintiff suffered only "de minimus" injury. (Defendants' Motion at p. 8).  Not only are Eighth Amendment standards inapplicable here; but also, the Ninth Circuit Court of Appeals has explained that "de minimus" refers to the amount of force and not the extent of injury necessary to state a claim pursuant to Hudson v. McMillian, 503 U.S. 1 (1992).  Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Accordingly, IT IS HEREBY RECOMMENDED that

1. Defendant Powell's motion for summary judgment be denied;

2. Plaintiff be given 30 days to file and serve a pretrial statement and any motions necessary to compel attendance of incarcerated witnesses pursuant to the order filed August 25, 2005, and that defendant Powell be given 20 days thereafter to file and serve a pretrial statement;

3. Defendant Prieto's motion for summary judgment be granted and that judgment be entered in his favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 21, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\lope0616.57 msj